THE ATTLEBORO NATIONAL BANK, RESPONDENT, *v.* JACOB WENDELL AND OTHERS, APPELLANTS, IMPLEADED WITH OTHERS, DEFENDANTS.

*Attorney, suing for a corporation which has no existence, is liable for costs.*

An attorney, acting under a mistake, but in good faith, brought an action in the name of a foreign corporation which, at the time the action was commenced, had had no existence for several years. The action resulted in a judgment being recovered against the plaintiff for costs.

*Held,* that having proceeded without authority the attorney must pay the judgment. That it was his duty to have required actual authority from an existing principal before bringing the action.

APPEAL by the defendants, Jacob Wendell, George P. Stockwell and D. P. W. McMullen, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 6th day of April, 1892, denying their motion to require the plaintiff's attorney to disclose to their attorneys what bank, if any, really was the plaintiff in the action, and, if there was no such bank, to show cause why the plaintiff's attorney should not himself pay a judgment for costs rendered in the action in favor of such defendants.

*G. A. Strong,* for the appellant.

*J. J. Adams,* for the respondent.

PER CURIAM :

It is alleged in the moving affidavit, upon information and belief, and not denied by the opposing affidavit, that this action was brought in the name of a bank which went out of existence a number of years before the suit was instituted.

Under these circumstances, there is no plaintiff in existence from whom the defendants can collect the costs awarded to them; nor was there any such plaintiff in existence when the action was brought. It follows that the attorney who inadvertently brought the suit, and thus subjected the defendants to the litigation which has resulted in this judgment for costs against the plaintiff, should be required to pay such costs.

There is here no question but that the attorney acted in perfect good faith in bringing the suit; and his liability rests upon no fact which affects, in the slighest degree, his professional position. He was himself practically imposed upon by others who professed to represent this non-existent bank. Believing in their authority and in the existence of the client, he brought the suit which has resulted in this bill of costs. His liability rests upon the fact that, as an attorney, he has brought the defendants into court without authority from any existing principal or client, and has subjected them to the litigation which has resulted in the manner indicated. As the defendants have succeeded in that litigation, it will not do to say that the costs awarded against the non-existent plaintiff shall forever remain unpaid and unsatisfied. If the attorney had required, from an existing principal, actual authority to bring the suit, he would not have been in the position in which he now stands. Having proceeded without such authority, the reasonable conclusion is that he must satisfy the judgment which the defendants have secured against his assumed principal.

The order should, therefore, be reversed and an order made requiring payment of the judgment for costs, together with the disbursements of this appeal.

Present — Van Brunt, P. J., O'Brien and Barrett, JJ.

Order reversed and an order made requiring payment of the judgment for costs, together with the disbursements of this appeal.